## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JON CARNLEY,

       PLAINTIFF,

v.                             CASE NO.:

WAL-MART STORES EAST, LP

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Jon Carnley (hereinafter referred to as "Plaintiff" or "Carnley"), by and through his undersigned attorney, sues Wal-Mart Stores East, LP, (hereinafter referred to as "Defendant" or "Walmart"), and alleges as follows:

### *JURISDICTION AND VENUE*

1.    This is an action to remedy discrimination on the basis of disability, gender, national origin and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; and the Florida Private Sector Whistle-Blower's Act ("FPWA"), §§ 448.101 – 448.105, Florida Statutes.

2.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

§2000e-5(f).

3.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.      This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.      All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202025531) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202000940) on May 27, 2020. On November 18, 2020, Plaintiff's received a determination notice from the FCHR notifying of their conclusion of its investigation pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his 90 day Notice of Right to Sue letter from the EEOC which was received on February 15, 2021.

## *PARTIES*

7.   Plaintiff is a Native American Creek Indian male and a citizen of the State of Florida, Santa Rosa County and resides in Milton, Florida.

8.   Defendant, Walmart is an employer within the meaning of the ADA/ADAA; Title VII of the Civil Rights Act and the Florida Private Sector Whistle-Blower's Act ("FPWA"), §§ 448.101 – 448.105, Florida Statutes as it employs in excess of fifteen (15) employees.

## *FACTS*

9.   Plaintiff is a 37 year old Native American Creek Indian male.

10.   Plaintiff was employed at Defendant's Superstore #990 in Milton, Florida from April 28, 2019, until his termination on May 9, 2020.

11.   During Plaintiff's time with Defendant, he performed the duties and responsibilities of his position in a more than satisfactory manner.

12.   Plaintiff began his employment with Defendant as a CAP Team Associate.

13.   In late September 2019, Plaintiff began experiencing issues concerning sexual harassment from a coworker.

14.   This co-worker made sexual comments towards Plaintiff, telling him that he and his boyfriend liked to meet straight men online and have sex with them and it was fun to force straight men to be their sex toy.

3

15.    This co-worker also said that Plaintiff looked like a fighter and that he would be fun to take his ass by force.

16.    Plaintiff immediately went to his team lead and reported the harassment.   Plaintiff's team lead, instead of elevating the issue, went to the harassing employee and told him what Plaintiff had just reported.

17.     This made the situation worse, the co-worker became hostile towards Plaintiff and said to him, as he forcefully grabbed his buttocks, you will pay for this and this would be his ass soon. He also said that he was going to make Plaintiff his bitch and make him like it when he does. He called Plaintiff a fucking snitch and a retard, and that he would teach him a lesson.

18.    Following the confrontation, Plaintiff was extremely upset and concerned that his team lead had made the situation worse by informing the co-worker of his complaint.

19.    Plaintiff then elevated the complaint to another team lead and to Defendant's human resources department.

20.    On October 2, 2019, Defendant transitioned Plaintiff to a new position as a CAP Fresh Produce Stocker.

21.    However, the harassment did not stop, after Plaintiff was moved to the new position, he began experiencing further harassment and retaliation by different co-workers that were friends with the co-worker he reported.

4

22.    Plaintiff suffers from PTSD, Bipolar Affective Disorder, hearing loss and Anxiety.

23.    Defendant had knowledge of Plaintiff's disabilities when he informed Defendant of his disability in April 2019.

24.    Plaintiff is a qualified individual with a disability:

> (i)   he has a physical impairment that substantially limits one or more major life activities: Plaintiff suffers from concentration, sensory (hearing loss), and anxiety;
>
> (ii)   Plaintiff is under the treatment of a doctor for the care and treatment of his physical disabilities.
>
> (iii)  he has a record of such impairment; and,
>
> (iv)  he was regarded (perceived or otherwise) by Defendant as having such impairments.

25.    Plaintiff's disabilities substantially affected the major life activities of concentration and sensory (hearing loss).

26.    Plaintiff had the ability to perform the essential functions of his position and did so without incident until he was terminated by Defendant.

27.    Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead retaliated and discriminated against him because of his disability.

28.    Due to Plaintiff's disabilities, he suffers from severe panic attacks and requires accommodations during daily functions.

29.    Plaintiff is prescribed specific medications to treat his disabilities and has provided Defendant with documentation from his treating physician.

30.    Additionally, Plaintiff has provided Defendant with evaluations and notes from his treating physician identifying the need for an accommodation throughout his working hours.

31.    After being retaliated against for reporting sexual harassment, and being moved to the Fresh Stock Produce Department, Plaintiff began experiencing severe anxiety and panic attacks.

32.    Plaintiff notified Defendant of his panic attacks and requested the accommodation of carrying a bottle of water to help aid the effects of his medication.

33.    Plaintiff's request for an accommodation was denied by his Manager (Krystal) insisting that no employees were allowed to carry drinks on the work floor and that "the doctors instructions don't matter."

34.    Plaintiff also requested that he be allowed to quietly hymn Native American songs to calm his anxiety and panic attacks.

35.    Plaintiff's new manager and coworkers would make jokes and laugh at him for being native American and for quietly singing his Native American songs, including calling Plaintiff a "Retarded Injun".

36.    Plaintiff reported the comments and harassment to human resources and

was informed that he could no longer quietly sing his Native American hymns while on the work floor.

37. On March 26, 2020, Plaintiff believed that he had been exposed to the Covid-19 virus and was tested and began a two week quarantine.

38. Following his exposure, Plaintiff became extremely ill requiring hospitalization.

39. The day that Plaintiff began the quarantine process he had given a fellow co-work a ride in his car and was in confined close proximity to this co-worker for an extended period of time.

40. Concerned for his co-workers health, safety and wellbeing, Plaintiff sent him a text informing him that he was ill, had been tested for the Coivd-19 and could not give him a ride to work as he was being quarantined for two weeks.

41. Plaintiff was informed by his manager that he could not discuss his Covid-19 exposure and quarantine with any of his co-workers and not to discuss his diagnosis either.

42. Upon his return to work following his covid illness, Plaintiff's co-workers kept coming up to him and telling him that his stupid retarded ass was going to be fired and good riddance.

43. On May 9, 2020, Defendant terminated Plaintiff's employment.

44. Plaintiff's discharge was in close proximity to the aforementioned protective activates.

45. Any possible assertion that there was a viable business justification for Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against his for engaging in a protective activity and for any actual or perceived disability.

### *FIRST CAUSE OF ACTION*
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 45 of this complaint with the same force and effect as if set forth herein.

47. This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

48. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

49.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

50.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that led to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

51.     The adverse personnel action, the termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

52.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from Defendant's employment.

53.     As a result of the wrongful and unlawful retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

54.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

55.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### *SECOND CAUSE OF ACTION*
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

56.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 45 of this complaint with the same force and effect as if set forth herein.

57.     This is an action to remedy retaliation on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges

of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

58.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

59.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

60.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

61.     The adverse personnel action, the termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action

clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

62.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

63.      As a result of the wrongful and unlawful retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

64.     Plaintiff has retained the undersigned attorney to assist him  in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

65.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§

12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
#### (VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)
#### (GENDER/SEXUAL HARASSMENT)

66.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 45 of this complaint with the same force and effect as if set forth herein.

67.   Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender in violation of the Title VII of the Civil Rights Act of 1964.

68.   Plaintiff is a Caucasian male.

69.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by his co-worker.

70.   During Plaintiff's employment with Defendant, he was subject to unwelcome sexual harassment, sexual advances, and physically assaulted a co-worker.

71.   The harassment of the  Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted and sexually harassed on a

regular basis while employed by Defendant.

72.      Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing him anxiety. Defendant's failure to properly act, further resulted in tension and hostility towards Plaintiff from Defendant's other employees.

73.      Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in him having anxiety and PTSD and further lead to his termination.

74.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### FOURTH CAUSE OF ACTION
*((VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964)*
*(GENDER/SEXUAL HARASSMENT - Retaliation)*

75.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 45 of this complaint with the same force and effect as if set forth herein.

76.      Defendant retaliated against Plaintiff for availing himself of the protections afforded him pursuant Title VII of the Civil Rights Act of 1964.

77.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

78.     Plaintiff is a Caucasian male.

79.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by his co-worker.

80.      During Plaintiff's employment with Defendant, he was subject to unwelcome sexual harassment, sexual advances, and physically assaulted a co-worker.

81.      The harassment of the Plaintiff was sufficiently severe and pervasive. Plaintiff was physically assaulted and sexually harassed on a regular basis while employed by Defendant.

82.      Plaintiff reported the workplace sexual harassment on more than one occasion and that the continued harassment was causing his anxiety. Defendant's failure to properly act, further resulted in tension and hostility towards Plaintiff from Defendant's other employees.

83.     Defendant's failure to act or put an end to the sexual harassment of Plaintiff resulted in him having anxiety and PTSD and further lead to his

termination.

84.      Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### FIFTH CAUSE OF ACTION
#### (VIOLATION OF 42 U.S.C. § 1981)
#### (NATIONAL ORIGIN – HARASSMENT)

85.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 45 of this complaint with the same force and effect as if set forth herein.

86.      Defendant retaliated against Plaintiff for availing himself of the protections afforded him pursuant 42 U.S.C. § 1981.

87.      Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

88.      Plaintiff is a Caucasian male.

89.      Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual harassment of Plaintiff by his co-worker because he was a native American.

90.      During Plaintiff's employment with Defendant, he was subject to

unwelcome harassment and discriminatory treatment by Defendant's employees because of him being a Native American and chanting in his native tongue.

91.     The harassment of the Plaintiff was sufficiently severe and pervasive. Plaintiff was harassed on a regular basis while employed by Defendant.

92.     Plaintiff reported the workplace harassment on more than one occasion and was told to stop speaking in his native tongue while at work. Defendant's failure to properly act, further resulted in tension and hostility towards Plaintiff from Defendant's other employees.

93.     Defendant's failure to act or put an end to the harassment of Plaintiff resulted in him having anxiety attacks and further lead to his termination.

94.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1981)
### (NATIONAL ORIGIN – RETALIATION)

95.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 45 of this complaint with the same force and effect as if set forth herein.

96.     Defendant retaliated against Plaintiff for availing himself of the protections afforded him pursuant 42 U.S.C. § 1981.

97.     Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

98.     Plaintiff is a Caucasian male.

99.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual harassment of Plaintiff by his co-worker because he was a native American.

100.     During Plaintiff's employment with Defendant, he was subject to unwelcome harassment and discriminatory treatment by Defendant's employees because of him being a Native American and chanting in his native tongue.

101.     The harassment of the Plaintiff was sufficiently severe and pervasive. Plaintiff was harassed on a regular basis while employed by Defendant.

102.     Plaintiff reported the workplace harassment on more than one occasion and told to stop speaking in his native tongue while at work. Defendant's failure to properly act, further resulted in tension and hostility towards Plaintiff from Defendant's other employees.

103.     Defendant's failure to act or put an end to the harassment of Plaintiff resulted in him having anxiety attacks and further lead to his termination.

104.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### SEVENTH CAUSE OF ACTION
#### (VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT)
#### (Fla. Stat. Sections 448.101—448.105)

105.   Plaintiff restates and re-avers the allegations contained within Paragraphs 1- 45 of the Complaint, as if fully set forth herein.

106.   This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

107.   At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

108.   At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

109.     Plaintiff's actions were based upon the reasonable and good faith beliefs of the Plaintiff that he was complying with any and all applicable federal and state law when no responsive remedial action was undertaken by Defendant's management.

110.    There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from his employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith and he had not been previously warned of a deficient job performance.

111.    The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida and OSHA's general duty clause providing for the general health, safety and welfare of Defendant's employees during a global pandemic.

112.    As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

113.    As a result of being wrongfully and unlawfully discharged from his employment, Plaintiff has been experiencing anxiety and difficult

economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

114.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

115.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to §448.104, *Florida Statutes*.

<u>*PRAYER FOR RELIEF*</u>

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.     Declaring the acts and practices complained of herein are violation of the ADA, ADAA, Section 1981, and Florida Private Sector Whistleblower Act.

b.     Enjoining and permanently restraining those violations of the ADA, ADAA, Section 1981, and Florida Private Sector Whistleblower Act.

c.     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole

for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

      i.      Awarding Plaintiff Front Pay in lieu of reinstatement;

      ii.      Awarding Plaintiff compensatory damages;

      iii.      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

      e. Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated:  May 7, 2021.      By: */s/ Clayton M. Connors*
      CLAYTON M. CONNORS
      Florida Bar No.: 0095553
      Email: cmc@westconlaw.com
      **THE LAW OFFICES OF**
      **CLAYTON M. CONNORS, PLLC.**
      4400 Bayou Blvd., Suite 32A
      Pensacola, Florida 32503
      Tel:  (850) 473-0401
      Fax: (850) 473-1388
      Attorney for the Plaintiff